IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VISTO CORPORATION<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No.: 2-05-CV-546-DJF |

## VISTO'S SECOND AMENDED RESPONSES TO
## FIRST SET OF INTERROGATORIES FROM MICROSOFT CORPORATION

PROPOUNDING PARTY        Defendant Microsoft Corporation

RESPONDING PARTY        Plaintiff Visto Corporation.

SET NO.                One

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Visto Corporation hereby objects and amends its first amended response to Interrogatory No. 2 of Defendant Microsoft's Interrogatories, Set One.

### GENERAL OBJECTIONS

The following amended response is provided subject to and without waiving the following general objections, whether or not separately set forth in response to each and every instruction, definition, and interrogatory:

1.    Plaintiff Visto Corporation objects to all instructions, definitions and interrogatories contained in Microsoft's interrogatories to the extent that they seek to require Visto to identify information not currently in its possession, custody or control, or to identify or describe persons, entities or events not known to it, on the grounds that such instructions, definitions, or interrogatories seek to require more of it than any obligation imposed by law, would subject it to unreasonable and undo annoyance, oppression, burden and expense, and

would seek to impose upon it an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Microsoft.

2.     Visto objects generally to the interrogatories insofar as any such request seeks information and/or production and/or identification of information provided in confidence to it by third parties which embody material that is private, business confidential, proprietary, or trade secret, and which it has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of Evidence 501, or the California Constitution, Article I, Section 1.

3.     Visto objects generally to the interrogatories insofar as they seek information protected from disclosure by the California Constitution and California Revenue and Taxation Code Sections 451, 7056, 19282 or 26451. Such information shall not be provided in response to Microsoft's interrogatories and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information.

4.     Visto objects to each and every interrogatory insofar as any such request seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Such information shall not be provided in response to these requests and any inadvertent disclosure thereof shall not operate as a waiver of such privileges or doctrines.

5.     Visto objects to the introductory instructions and definitions to the interrogatories to the extent they purport to enlarge, expand, or in any way alter Visto's obligations under Federal Rules of Civil Procedure 26, 33 and/or 34, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.

6.     Visto objects to each interrogatory to the extent each requires Visto to provide information that is equally available to Microsoft.

7.     By providing responses, Visto does not concede the relevancy of the subject matter. Visto's responses are made expressly subject to, and without waiver of, any objections

as to competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose of any of the information referred to or produced or of the responses given herein, or of the subject matter thereof, in any proceeding. The responses are made subject to Visto's right to object to any discovery proceeding involving or relating to the subject matter of the request responded to herein.

8.     Discovery is ongoing in this matter, and the following responses are based on Visto's present state of recollection, knowledge and belief. They are subject to additional or different information that discovery may disclose, and as such, Visto reserves the right to supplement these objections and/or responses as it discovers additional information. Visto reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

9.     All of the following responses are subject to and do not waive any of the foregoing general objections or any specific objections asserted relative to specific responses.

## SPECIFIC OBJECTIONS, RESPONSES AND
## AMENDED RESPONSES TO INTERROGATORIES

Without waiving any of the above referenced objections and responses, and incorporating each of them as to each Interrogatory by this reference, Visto amends its first amended response to Interrogatory No. 2 as follows:

### INTERROGATORY NO. 1:

For each Microsoft product, apparatus, or method that Visto claims infringes an asserted claim, state the date that Visto first became aware of the alleged infringement by Microsoft.

### RESPONSE TO INTERROGATORY NO. 1:

Visto objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "aware of the alleged infringement." Visto also objects to this interrogatory to the extent that it calls for the disclosure of attorney work product information and/or seeks to invade the attorney-client privilege. Visto further objects to this interrogatory on the grounds that it is compound, overly broad as to the time and in scope, unduly burdensome, and oppressive.

Subject to and without waiving the foregoing objections, Visto responds as follows:

Visto first became aware of the infringement by Microsoft products, apparatus, or methods, including Microsoft Exchange 2003, Windows Mobile 2003 and Windows Mobile 5.0, in or around December 2005.

**INTERROGATORY NO. 2:**

Separately for each asserted claim, state the earliest date on which the claimed invention was conceived, the earliest date on which the claimed invention was reduced to practice, and the dates of any acts of diligence; identify each person who was involved in such conception, reduction to practice, or diligence; and identify all documents that Visto relies on to support such conception, reduction to practice, or diligence.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 2:**

Visto objects to this interrogatory on the grounds that it is vague and ambiguous. Visto also objects to this interrogatory to the extent that it calls for the disclosure of attorney work product information, seeks to invade the attorney-client privilege, and/or calls for a legal conclusion. Visto further objects to this interrogatory on the grounds that it is overly broad as to the time and in scope, unduly burdensome, and oppressive. Visto further objects on the grounds that it is compound, contains multiple subparts and cumulatively exceeds the numerical limit on interrogatories permitted in this matter. Visto's response is subject to further investigation and reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time. Subject to and without waiving the foregoing objections, Visto responds as follows:

The inventions set forth in the method claims of the '192 and '221 patents in suit were conceived on or before December 3, 1995. The inventions set forth in the apparatus and system claims of the '192 and '221 patents were conceived on or before September 1996. The inventions set forth in the '606 patent were conceived before December 8, 1997.

For U.S. Patent No. 6,085,192, the constructive date of reduction to practice is at least as early as April 11, 1997. For U.S. Patent No. 6,151,606, the constructive date of reduction to

practice is at least as early as January 7, 1998. For U.S. Patent No. 6,708,221, the constructive date of reduction to practice is at least as early as July 30, 1997. Earlier actual reductions to practice took place through the creation of prototypes and other acts on or before October 1996 (as discussed below).

The acts of diligence in reducing to practice the claimed inventions of the '192 and '221 patents consisted of the following: Daniel Mendez and David Cowan met in East Lansing, Michigan in December of 1995 and discussed the problems presented and the inventive solutions. The methods discussed included the use of agents that connected back to a web server. These methods allowed access through normally open ports in firewalls and synchronization independent of platforms. Additional meetings were held by telephone between January and April of 1996, and in person in Connecticut in May 1996. Soon thereafter, Mr. Cowan decided to start a new company based on these inventions, called Internet Start-Up. This was later changed to RoamPage, Inc., and then to Visto Corporation. Mr. Cowan hired Christopher Zuleeg and Hong Bui to implement the inventions, who began preparation in at least May 1996, if not sooner, of a document entitled "The Roaming Dilema: From A to Z," dated June 28,1996. The full group of inventors were working on the details of the systems depicted in the patents at least by September of 1996. Visto, then RoamPage, initiated discussions with patent attorneys and began preparation patent applications at least as early as November 1996, and filed its first patent application on December 13, 1996.

Internal prototypes were in existence at least as early as October 1996. Visto's first commercial product was publicly shown in September 1997.

The identity of all persons involved in, and the identity of all witnesses with knowledge of, the conception of each of the patents-in-suit include the inventors listed on the front page of each of the patents-in-suit, respectively. The persons who were involved in such conception, reduction to practice, or diligence are Daniel J. Mendez, Mark D. Riggins, Prasad Wagle, Christine C. Ying, Hong Q. Bui, Mason Ng. Sean Michael Quinlan, Christopher R. Zuleeg, David J. Cowan, R. Stanley Bailes, and Joanna A. Aptekar-Strober.

The documents that Visto relies on to support the conception, reduction to practice, or diligence will be produced pursuant to Fed. R. Civ. Pro. 34(b).

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Visto objects to this interrogatory on the grounds that it is vague and ambiguous. Visto also objects to this interrogatory to the extent that it calls for the disclosure of attorney work product information, seeks to invade the attorney-client privilege, and/or calls for a legal conclusion. Visto further objects to this interrogatory on the grounds that it is overly broad as to the time and in scope, unduly burdensome, and oppressive. Visto further objects on the grounds that it is compound, contains multiple subparts and cumulatively exceeds the numerical limit on interrogatories permitted in this matter. Visto's response is subject to further investigation and reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time. Subject to and without waiving the foregoing objections, Visto responds as follows:

The inventions set forth in the method claims of U.S. Patents No. 6,085,192 ("the '192 patent") and 6,708,221 ("the '221 patent") were conceived on or before December 3, 1995. The inventions set forth in the apparatus and system claims of the '192 and '221 patents, and U.S. Patent No. 7,039,679 ("the '679 patent"), were conceived on or before September 1996. The inventions set forth in U.S. Patent No. 6,151,606 ("the '606 patent") were conceived before December 8, 1997.

For U.S. Patent No. 6,085,192, the constructive date of reduction to practice is at least as early as April 11, 1997. For U.S. Patent No. 6,151,606, the constructive date of reduction to practice is at least as early as January 7, 1998. For U.S. Patent No. 6,708,221, the constructive date of reduction to practice is at least as early as July 30, 1997. For. U.S. Patent No. 7,039,679, the constructive date of reduction to practice is at least as early as May 29, 1997. Earlier actual reductions to practice took place through the creation of prototypes and other acts on or before October 1996 (as discussed below).

6

The acts of diligence in reducing to practice the claimed inventions of the '192, '221, and '679 patents consisted of the following:  Daniel Mendez and David Cowan met in East Lansing, Michigan in December of 1995 and discussed the problems presented and the inventive solutions.  The methods discussed included the use of agents that connected back to a web server.   These methods allowed access through normally open ports in firewalls and synchronization independent of platforms.  Additional meetings were held by telephone between January and April of 1996, and in person in Connecticut in May 1996.  Soon thereafter, Mr. Cowan decided to start a new company based on these inventions, called Internet Start-Up.  This was later changed to RoamPage, Inc., and then to Visto Corporation.   Mr. Cowan hired Christopher Zuleeg and Hong Bui to implement the inventions, who began preparation in at least May 1996, if not sooner, of a document entitled "The Roaming Dilema:  From A to Z," dated June 28, 1996.  The full group of inventors were working on the details of the systems depicted in the patents at least by September of 1996.  Visto, then RoamPage, initiated discussions with patent attorneys and began preparation patent applications at least as early as November 1996, and filed its first patent application on December 13, 1996.

Internal prototypes were in existence at least as early as October 1996.  Visto's first commercial product was publicly shown in September 1997.

The identity of all persons involved in, and the identity of all witnesses with knowledge of, the conception of each of the patents-in-suit include the inventors listed on the front page of each of the patents-in-suit, respectively.  The persons who were involved in such conception, reduction to practice, or diligence are Daniel J. Mendez, Mark D. Riggins, Prasad Wagle, Christine C. Ying, Hong Q. Bui, Mason Ng. Sean Michael Quinlan, Christopher R. Zuleeg, David J. Cowan, R. Stanley Bailes, and Joanna A. Aptekar-Strober.

## SECOND AMENDED RESPONSE TO INTERROGATORY NO. 2:

Visto objects to this interrogatory on the grounds that it is vague and ambiguous.  Visto also objects to this interrogatory to the extent that it calls for the disclosure of attorney work product information, seeks to invade the attorney-client privilege, and/or calls for a legal

conclusion. Visto further objects to this interrogatory on the grounds that it is overly broad as to the time and in scope, unduly burdensome, and oppressive. Visto further objects on the grounds that it is compound, contains multiple subparts and cumulatively exceeds the numerical limit on interrogatories permitted in this matter. Visto's response is subject to further investigation and reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time. Visto further reserves the right to supplement or amend the response. Subject to and without waiving the foregoing objections, Visto responds as follows:

The inventions set forth in the method claims of U.S. Patents No. 6,085,192 ("the '192 patent") and 6,708,221 ("the '221 patent") were conceived on or before December 3, 1995. The inventions set forth in the apparatus and system claims of the '192 and '221 patents, and U.S. Patent No. 7,039,679 ("the '679 patent"), were conceived on or before September 1996. The inventions set forth in U.S. Patent No. 6,151,606 ("the '606 patent") were conceived before December 8, 1997.

For U.S. Patent No. 6,085,192, the constructive date of reduction to practice is at least as early as April 11, 1997. For U.S. Patent No. 6,151,606, the constructive date of reduction to practice is at least as early as January 7, 1998. For U.S. Patent No. 6,708,221, the constructive date of reduction to practice is at least as early as July 30, 1997. For. U.S. Patent No. 7,039,679, the constructive date of reduction to practice is at least as early as May 29, 1997. Earlier actual reductions to practice took place through the creation of prototypes and other acts on or before October 1996 (as discussed below).

The acts of diligence in reducing to practice the claimed inventions of the '192, '221, and '679 patents consisted of the following: Daniel Mendez and David Cowan met in East Lansing, Michigan in December of 1995 and discussed the problems presented and the inventive solutions. The methods discussed included the use of agents that connected back to a web server. These methods allowed access through normally open ports in firewalls and synchronization independent of platforms. Additional meetings were held by telephone between January and April of 1996, and in person in Connecticut in May 1996. Soon thereafter, Mr.

Cowan decided to start a new company based on these inventions, called Internet Start-Up. This was later changed to RoamPage, Inc., and then to Visto Corporation.   Mr. Cowan hired Christopher Zuleeg and Hong Bui to implement the inventions, who began preparation in at least May 1996, if not sooner, of a document entitled "The Roaming Dilema: From A to Z," dated June 28, 1996. The full group of inventors were working on the details of the systems depicted in the patents at least by September of 1996. Visto, then RoamPage, initiated discussions with patent attorneys and began preparation patent applications at least as early as November 1996, and filed its first patent application on December 13, 1996.

Internal prototypes were in existence at least as early as October 1996.  Visto's  first commercial product was publicly shown in September 1997.

The identity of all persons involved in, and the identity of all witnesses with knowledge of, the conception of each of the patents-in-suit include the inventors listed on the front page of each of the patents-in-suit, respectively.  The persons who were involved in such conception, reduction to practice, or diligence are Daniel J. Mendez, Mark D. Riggins, Prasad Wagle, Christine C. Ying, Hong Q. Bui, Mason Ng. Sean Michael Quinlan, Christopher R. Zuleeg, David J. Cowan, R. Stanley Bailes, and Joanna A. Aptekar-Strober.

Documents supporting such conception, reduction to practice, and/or diligence on which Visto may rely include, without limitation, the documents bearing the following numbers: VOMS 10215-10218; VOMS 11607-11609; VOMS 11612-11615; VOMS 11642-11643; VOMS 11711; VOMS 11794-11795; VOMS 12159-12163; VOMS 12757-12816; and VOMS 13185-13239.

**INTERROGATORY NO. 3:**

Identify each and every license or offer to license a Visto Patent-In-Suit.

**RESPONSE TO INTERROGATORY NO. 3:**

Visto objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "offer to license." Visto also objects to this interrogatory to the extent that it calls for the disclosure of attorney work product information and/or seeks to invade the attorney-client