**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **VISTO CORPORATION,** | |
| **Plaintiff** | |
| **vs.** | **Civil Action No. 2:05-CV-546 (DJF)** |
| **MICROSOFT CORPORATION,** | **JURY DEMANDED** |
| **Defendant.** | |

**PLAINTIFF VISTO CORPORATION'S SUR-REPLY IN OPPOSITION TO MICROSOFT CORPORATION'S MOTION FOR LEAVE TO FILE MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON VISTO'S WILLFULNESS ALLEGATIONS (DKT. NO. 252)**

Microsoft's motion for leave to file a motion for partial summary judgment on Visto's willfulness allegations should be denied. The deadline to file motions for summary judgment was July 2, 2007, over ten weeks ago. Jury selection in this case is in less than one week. The initial pre-trial conference took place on September 13, 2007, at which time the Court advised the parties to keep briefing to a minimum. Microsoft's attempt to file a motion for summary judgment at this late date runs the very real risk of interrupting Visto's trial preparation and unfairly prejudicing Visto. Accordingly, Microsoft's motion should be denied.

In its reply brief, Microsoft reasserts its belief that it is entitled to leave of court to file a motion for summary judgment based on the Federal Circuit's ruling in *In re Seagate Tech., LLC*, No. 830, 2007 U.S. App. LEXIS 19768, (Fed. Cir. Aug. 20, 2007). Microsoft completely ignores the fact that the Federal Circuit specifically stated that willfulness will be determined by "the record developed in the infringement proceeding." *Id.* at *23. The evidence of Microsoft's willfulness will be presented at trial, along with evidence of Microsoft's infringement.

Moreover, as stated in Visto's response brief, Microsoft suffers no prejudice from the denial of its motion for leave.  Microsoft is adequately protected by Federal Rule of Civil Procedure 50(a) and can file a motion for judgment as a matter of law at the conclusion of Visto's case if it still believes there is no evidence of willfulness.

Microsoft also argues that evidence of willfulness will confuse the jury and unfairly prejudice Microsoft on the question of infringement.  Microsoft's concerns are unwarranted. Federal courts routinely find that any potential confusion or prejudice is minimal.  For example, in *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618 (N.D. Ill. 2000), the court refused to bifurcate the issue of liability from the issues of damages and willfulness.  In reaching its decision, the court explained:

> Any potential confusion can be remedied by good lawyering, cautionary warnings, limiting instructions, or special verdict forms.  Indeed, it is the experience of this Court, as well as others, that jurors bring a collective wisdom, common sense and experience as well as intelligence and dedication to their task. They are consistently asked to return verdicts in criminal cases with facts far more complex and with stakes much higher than the one at hand.

*Id.* at 624-25 (citation omitted).

Microsoft's assertion that courts routinely bifurcate issues of infringement and willfulness to avoid any potential of prejudice is simply not true.  Bifurcation in patent cases, as in others, is the exception, not the rule.  *See, e.g., Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989); *Remcor Products Co. v. Servend Int'l Inc.,* 1994 U.S. Dist. LEXIS 15473, *3-4 (N.D. Ill. Oct 28, 1994).

The Federal Circuit has established a "totality of the circumstances" for accessing the willfulness of infringement.  *See State Industries, Inc. v. Mor-Flo Industries, Inc*., 883 F.2d 1573, 1581 (Fed. Cir. 1989); *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 822 (Fed. Cir. 1992).  That standard does not fit comfortably with bifurcation.  For example, evidence

relevant to liability and willfulness issues is not wholly distinct. In fact, evidence on whether defendants acted willfully is often relevant to both liability and damages. *See, e.g., Kimberly-Clark Corp.*, 131 F.R.D. at 609 (willfulness issue is "inextricably bound to the facts underlying the alleged infringement"). Moreover, "[t]rying infringement and willfulness separately could result in a significant waste of time, inconvenience, and unnecessary expense as evidence is repeated." *See Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994) ("Bifurcation of the issue of willfulness and a stay of discovery would only complicate the instant proceedings and cause needless delay.").

Microsoft does not cite a single case where the issues of infringement and willfulness were bifurcated.  Instead, Microsoft relies on *Cardiac Pacemarkers, Inc. v. St. Jude Medical, Inc.*, 2001 U.S. Dist. LEXIS 8300 (S.D. Ind. May 31, 2001), which actually rejected the defendant's motion to bifurcate based on the same arguments Microsoft makes here.  *Id.* at *9 ("[T]he court is not persuaded that these considerations weigh in favor of a departure from the usual course, which is a unified trial on liability and damages, as well as willfulness.").

Finally, Microsoft's motion for leave to file a motion for summary judgment on willfulness fails to provide any evidence or indication that Visto lacks the necessary evidence to prove willfulness under the *Seagate* standard.  Microsoft does not demonstrate good cause entitling it leave to file a motion for summary judgment on willfulness at this late date.

For the reasons stated above and in its opposition brief (Dkt. No. 264), Visto respectfully requests that the Court deny Microsoft's motion for leave to file a motion for partial summary judgment on Visto's willfulness allegations.

DATED: September 27, 2007

Respectfully submitted,


  /s/ Sam F. Baxter
Sam F. Baxter, Lead Attorney
TX State Bar No. 01938000
McKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Theodore Stevenson, III
TX State Bar No. 19196650
300 Crescent Court Suite 1500
Dallas, TX 75201
tstevenson@mckoolsmith.com

Of Counsel:

Ronald S. Katz
CA State Bar No. 085713
Robert D. Becker
CA State Bar No. 160648
Shawn G. Hansen
CA State Bar No. 197033
MANATT, PHELPS & PHILLIPS, LLP
1001   Page   Mill   Road,   Building   2
Palo Alto, CA  94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

ATTORNEYS   FOR   PLAINTIFF   VISTO
CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel via ECF electronic service. Local Rule CV-5(a)(3)(A) on this the 27th day of September, 2007.

/s/ Sam Baxter
Sam Baxter

Dallas 245053v1